# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEWIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BITTER, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00840-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO FILE LODGED FOURTH AMENDED COMPLAINT<br>(ECF No. 21)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SETTLEMENT CONFERENCE<br>(ECF No. 22) |

Plaintiff Terry Lewis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on May 3, 2019 in the United States District Court for the Southern District of California, and the action was transferred to the Eastern District on June 13, 2019. Plaintiff thereafter filed a first amended complaint on July 12, 2019, and lodged a second, third, and fourth amended complaint on August 1, 2019, September 16, 2019, and October 11, 2019, respectively. (ECF Nos. 12, 17, 20, 21.) None of Plaintiff's complaints have yet been screened.

Currently before the Court is Plaintiff's motion requesting that the Court set this case for a settlement conference, filed October 24, 2019.[1] (ECF No. 22.)

---

[1] Although Plaintiff has used the form for an amended complaint, it is clear that Plaintiff is attempting to file a motion rather than a new amended complaint. In the future, Plaintiff should

1

1 | Plaintiff's request to set this matter for a settlement conference is premature. Plaintiff is reminded that the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii). As the Court has not yet screened Plaintiff's complaint to determine whether it may proceed on any cognizable claims, and no defendant has yet been served, this action is not ready to set for a settlement conference.

Plaintiff is further warned that filing multiple amended complaints before waiting for the Court to screen the original complaint is a waste of the Court's limited resources and will delay the resolution of this action. Each time the Court begins to screen Plaintiff's newest complaint, Plaintiff files yet another amended complaint.

Therefore, in the future, Plaintiff must file a motion to amend the complaint before filing an amended complaint, and once Plaintiff has filed the motion to amend, no additional motions to amend may be filed until the original motion is ruled upon by the Court. Plaintiff is cautioned that it may take time for the Court to rule on his motion to amend (or another motion he files) because, due to this Court's heavy caseload, delays are inevitable. **Additionally, Plaintiff is expressly warned that, in the future, if he files a motion to amend and does not wait until the motion to amend is ruled upon before filing another motion to amend, the Court will summarily strike the additional motions to amend and will only rule upon the original motion to amend.**

In light of the foregoing, the Court will accept the most recently filed amended complaint, which is the fourth amended complaint lodged on October 11, 2019, as the operative complaint in this action. Plaintiff's fourth amended complaint will be screened in due course.

///

---

not use the form for an amended complaint unless he is trying to submit an amended complaint for filing.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Clerk of the Court is directed to file the fourth amended complaint, lodged on October 11, 2019, (ECF No. 21); and

2. Plaintiff's motion for settlement conference, (ECF No. 22), is DENIED.

IT IS SO ORDERED.

Dated: **October 31, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE