# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEWIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BITTER, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00840-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SETTLEMENT AND OTHER MISCELLANEOUS RELIEF<br><br>(ECF No. 32) |

　　　　Plaintiff Terry Lewis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's June 8, 2020 filing, requesting a settlement and other miscellaneous relief. (ECF No. 32.) In his filing, Plaintiff primarily appears to be requesting a monetary settlement for this action. Plaintiff has also attached a petition for writ of habeas corpus asking the Court to strike a 12-year enhancement on his current sentence and allow him to be released on probation. Plaintiff also references other pending civil rights and habeas corpus actions that are not currently before the undersigned. (Id.)

　　　　As Plaintiff was previously informed, to the extent he is asking the Court to set this matter for a settlement conference, the request is premature. Plaintiff is reminded that the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii). As the Court has not yet screened Plaintiff's complaint to determine whether it may proceed on any cognizable

claims, and no defendant has yet been served, this action is not ready to set for a settlement conference.

If Plaintiff is instead asking that the Court settle the case with him, the request is denied as improper. Any settlement of the potential claims in this action would need to occur between the parties, not between Plaintiff and the Court.

Plaintiff's request for relief relating to his remaining sentence is unrelated to his claims in this action, and are more appropriately brought in a separate habeas corpus action, or possibly in one of the habeas corpus actions Plaintiff has already filed. Similarly, any claims Plaintiff has filed in other civil rights actions do not belong in this case. Plaintiff should limit allegations in his filings to the claims he is attempting to bring in this case—Plaintiff may not bring all of his grievances against the courts and the prison generally, all in one case.

The Court notes that Plaintiff's filing includes both a form habeas corpus petition and a form civil rights complaint. As Plaintiff's intention in filing all of these documents together is not clear, the Court does not find that Plaintiff is attempting to file an amended complaint at this time. However, Plaintiff is reminded again that he must file a motion to amend the complaint before filing an amended complaint, and once Plaintiff has filed the motion to amend, no additional motions to amend may be filed until the original motion is ruled upon by the Court. Plaintiff is cautioned that it may take time for the Court to rule on his motion to amend (or another motion he files) because, due to this Court's heavy caseload, delays are inevitable. Plaintiff's fifth amended complaint is currently pending before the Court, and will be screened in due course.

Accordingly, Plaintiff's motion for settlement and other miscellaneous relief, (ECF No. 32), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **June 10, 2020**            /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE