# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEWIS, | Case No. 1:19-cv-00840-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| v. | |
| M.D. BITER, et al., | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| Defendants. | **FOURTEEN-DAY DEADLINE** |

Plaintiff Terry Lewis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. The matter was transferred to this Court on June 14, 2019. (ECF No. 9.) On November 27, 2019, the Court screened Plaintiff's fourth amended complaint and granted him leave to amend. (ECF No. 24.) Plaintiff's fifth amended complaint, filed on December 23, 2019, is currently before the Court for screening. (ECF No. 28.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

1

or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison, Los Angeles County in Lancaster, California. The events in the complaint are alleged to have occurred at Kern Valley State Prison ("KVSP") and at Folsom State Prison. Plaintiff names the following defendants: (1) Laundry Lady Sanchez, KVSP; (2) Correctional Officer Herrera, KVSP; and (3) Warden Baugham at Folsom State Prison.

Plaintiff's fifth amended complaint is disjointed and difficult to read. Nevertheless, the Court has endeavored to summarize Plaintiff's claims to the extent that they can be ascertained. In Claim I, Plaintiff asserts a conditions of confinement claim under the Eighth Amendment for violation of the right to sanitation and personal hygiene. Although not entirely clear, as part of this claim, Plaintiff appears to allege that Defendant Herrera called him names, trying to provoke Plaintiff "to gas him with defecate to get time off work." (Doc. No. 4 at 32.) Plaintiff asserts that if you file a claim against the Warden, prison guard or a prison official, such as Mrs. Sanchez,

there is a chance they will exploit your administration advances, threaten and scare you. Plaintiff contends that he had a heart attack.

In Claim 2, Plaintiff alleges retaliation by Defendant Herrera. He claims that prisoners have been denied hygiene material, transferred to other prisons and physically assaulted. Plaintiff contends that there are subtle things officers can do to harass prisoners, perhaps the mail or manipulate grievances. Plaintiff asserts that by filing to the Appeals Coordinator, he obtained a log number and was doing something he had a constitutional right to do. He asserts that defendants violated his First Amendment rights by not giving him an ample reply at the first, second and third levels. He also asserts that it was so bad that it would stop the average person from continuing with their suit.

In an apparent attachment to the complaint discussing the exhaustion of administrative remedies, Plaintiff also alleges that a lockdown prevented his laundry from being washed on a weekly basis in 2014 or 2015. The lockdown lasted from 90 to 120 days in cell with no movement. He filed 602s that were neglected. At some point in 2014, Plaintiff was sent to the hole for threatening staff, and after 90 days the charges were dropped, and he was sent to the violent yard. Plaintiff also alleges that when his laundry was not washed, the only method of cleaning clothes was in the toilet and sink. He reportedly got an infection that lasted for two years. Plaintiff additionally alleges that Defendant Herrera's humiliations continued nonstop through 17 SHU cell extractions and chaining to the floor, which caused Plaintiff to have a heart attack.

**III.   Discussion**

    **A. Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are

accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–57; Moss, 572 F.3d at 969.

Plaintiff's amended complaint is not a short, plain statement of his claims. The amended complaint is disorganized, conclusory, and interspersed with incomplete sentences, case law and extraneous statements unrelated to his claims. Plaintiff's amended complaint also does not include a clear chronology of events. The Court will not search through the more than 30 pages of attachment and scattered statements to determine a cognizable cause of action. See, e.g., Harris v. Bullard, No. 19-cv-06648-HSG, 2019 WL 6341322, at * 3 (N.D. Cal. Nov. 27, 2019) (declining to search through factual allegations to determine cognizable causes of action where complaint was long pleading going into unnecessary detail about events not related to the constitutional violations raised in the action or which did not directly link defendants to a constitutional violation); Micenheimer v. CDCR Pers. in Their Individual Capacity, No. CV 16-4314-CJC (JEM), 2016 WL 4203819, at *3 (C.D. Cal. Aug. 8, 2016) ("The Court is not required to sort through Plaintiff's allegations and all of the attached documents in search of viable claims . . . .") Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure this deficiency, and this basis alone supports dismissal.

### B. Federal Rules of Civil Procedure 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

As Plaintiff was instructed previously, he may not raise unrelated claims against different defendants in a single action. For instance, Plaintiff may not bring a claim about his laundry

against one defendant, while simultaneously pursuing a claim against another defendant for retaliation. Despite being provided with the relevant pleading standard, Plaintiff has been unable to cure this deficiency.

### C. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, (1978); Rizzo v. Goode, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Here, Plaintiff fails to link Warden Baugham or Defendant Sanchez to the allegations in his amended complaint. To the extent that Plaintiff seeks to hold Warden Baugham liable based solely on his supervisory role, Plaintiff may not do so. Supervisory personnel may not be held liable under section 1983 for the actions or omissions of subordinate employees based on respondeat superior, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa Cty., 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977; accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a

constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff's amended complaint does not include allegations linking Warden Baugham or Defendant Sanchez to any constitutional violation nor does it include allegations that Warden Baugham implemented a deficient policy.

### D. Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Farmer v. Brennan, 511 U.S. 825 (1994); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference..." Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837, 114 S.Ct. 1970; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995).

Objectively, extreme deprivations are required to make out a conditions-of-confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992). Although the Constitution "'does not mandate comfortable prisons,'" Wilson v. Seiter, 501 U.S. 294, 298 (1991), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989).

Here, Plaintiff's complaint fails to allege an objectively, extreme deprivation to form the

basis of an Eighth Amendment violation. Although Plaintiff alleges that the prison failed to do his laundry on a weekly basis, this conclusory statement is not sufficient. Plaintiff's amended complaint does not contain factual allegations demonstrating that he was denied clean laundry or laundry privileges over a lengthy course of time. At best, Plaintiff's complaint suggests that laundry services were provided, just not on a weekly basis. He also suggests that he was able to wash his clothing in the sink. Despite being provided with the relevant pleading and legal standard, Plaintiff has been unable to cure this deficiency.

### E. Verbal Harassment

Plaintiff alleges that Officer Herrera verbally harassed him. However, mere verbal harassment or abuse does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

### F. Grievance Procedure

Plaintiff complains about the processing, review and responses to his grievances. Prisoners do not have an independent constitutional due process entitlement to a specific administrative grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding that there is no protected liberty interest to a grievance procedure). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); see also Wright v. Shannon, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment). Denial or refusal to process a prison grievance is not a constitutional violation. Rushdan v. Gear, No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018). Plaintiff's amended complaint fails to state a claim based solely on the review, processing and/or denial of his grievances. The deficiencies in this claim cannot be cured by amendment.

### G. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to

be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Id. at 567-68 (9th Cir. 2005); accord Watison, 668 F.3d at 1114-15; Brodheim, 584 F.3d at 1269.

Plaintiff's amended complaint fails to state a cognizable claim for retaliation. Plaintiff fails to allege any adverse action taken against him because he filed any grievances. Plaintiff's allegations concerning difficulties related to the processing of his grievances are not sufficient. As discussed above, Plaintiff does not have a constitutional right to a particular grievance process or procedure. Further,

### IV.     Conclusion and Recommendation

Plaintiff's amended complaint fails to comply with Federal Rules of Civil Procedure 8, 18 and 20 and fails to state a cognizable claim for relief under federal law. Despite being provided with relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint by amendment, and thus further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **August 3, 2020**                    /s/ Barbara A. McAuliffe          
                                                    UNITED STATES MAGISTRATE JUDGE