UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEWIS,<br><br>    Plaintiff,<br><br> v.<br><br>BITTER, *et al.*,<br><br>    Defendants. | Case No. 1:19-cv-00840-ADA-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE AND FOR REIMBURSEMENT OF FILING FEE<br><br>(ECF No. 46) |

  Plaintiff Terry Lewis ("Plaintiff"), a state prisoner, proceeded *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

  On March 12, 2021, the then-assigned District Judge adopted in full the Magistrate Judge's findings and recommendations and dismissed this action, with prejudice, for failure to state a cognizable claim upon which relief may be granted. (ECF No. 41.) Judgment was entered accordingly the same date. (ECF No. 42.)

  On May 11, 2022, Plaintiff filed a motion for reimbursement. (ECF No. 43.) Plaintiff argued that he was charged a filing fee twice for the same action, and attached documentation, indicating a filing fee charge for this action, Case No. 1:19-cv-00840-BAM, and another action filed in the Northern District of California, Case No. 20-CV-00323-JST. (*Id.* at 4.) Plaintiff argued that because the second civil claim contained the same words and complaint, he can only be charged one court fee. (*Id.* at 5.)

Case 1:19-cv-00840-ADA-BAM   Document 47   Filed 11/15/22   Page 2 of 3

1    On September 12, 2022, the undersigned explained that, as Plaintiff had previously been
2 informed, when the Court granted Plaintiff's motion to proceed *in forma pauperis* in this action,
3 Plaintiff had the obligation to pay the statutory filing fee of $350.00 for this action.  (*See* ECF
4 Nos. 11, 30.)  It was Plaintiff's decision to file a new civil action in the Northern District of
5 California, even though it apparently contained the same complaint as the instant action, and if
6 Plaintiff was granted permission to proceed *in forma pauperis* in that suit, he is also obligated to
7 pay the filing fee in that action.  To the extent Plaintiff wishes to request relief from the filing fee
8 charged by the Northern District of California for Case No. 20-CV-00323-JST, that request
9 should be filed before that court.  Therefore, the Court denied Plaintiff's request.  (ECF No. 45.)

10    On October 21, 2022, Plaintiff filed a motion to reopen the case and renew his request for
11 reimbursement of the filing fee.  (ECF No. 46.)  Plaintiff requests that the Court call Folsom State
12 Prison and view a video recording of the B-Yard on July 7, 2018 at ten o'clock, which he alleges
13 will support his claims in this action.  Plaintiff requests compensatory damages and
14 reimbursement of one of the two filing fees that he alleges he was charged for in the same case.
15 (*Id.*)

16    Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the
17 district court.  Rule 60(b) permits a district court to exercise its discretion to relieve a party from a
18 final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect;
19 (2) newly discovered evidence . . . ; (3) fraud . . . of an opposing party; (4) the judgment is void;
20 (5) the judgment has been satisfied . . . ; or (6) any other reason that justifies relief."  Fed. R. Civ.
21 P. 60(b).  Moreover, Local Rule 230(j) requires a party to show the "new or different facts or
22 circumstances are claimed to exist which did not exist or were not shown upon such prior motion,
23 or what other grounds exist for the motion."  A Rule 60(b) motion must be made within a
24 reasonable time, and for motions under Rule 60(b)(1), (2), and (3), "no more than a year after the
25 entry of the judgment or order or date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

26    The Court finds that Plaintiff's motion to reopen the case must be denied.  Plaintiff has
27 provided no indication that the information from 2018 was previously unavailable to him to
28 support that it was newly discovered evidence.  Plaintiff fails to satisfy any of the Rule 60(b)

2

grounds to warrant the Court to grant relief from a judgment or order.  Finally, Plaintiff has not explained, beyond a conclusory allegation, how the video he references will cure his failure to state a claim at the pleading stage of this action.

Plaintiff's Rule 60(b) motion is also untimely.  *See* Fed. R. Civ. P. 60(c)(1).  On March 12, 2021, judgment was entered, closing the case more than a year ago. (*See* ECF No. 41.) Taking into consideration the judgment's finality and Plaintiff's lack of reasons for his delay, the Court finds that Plaintiff did not file the motion within a reasonable time.  *See Matton Steamboat Co. v. Murphy*, 319 U.S. 412, 415 (1943) (explaining the importance of statutes limiting the period for appeal to a definite point of time).

Accordingly,

1. Plaintiff's motion to reopen case and for reimbursement of filing fee, (ECF No. 46), is denied; and
2. This action remains closed.

IT IS SO ORDERED.

Dated:   November 15, 2022

_____
UNITED STATES DISTRICT JUDGE